McRAE, Justice,
for the Court:
On January 25, 1963, West Cole entered a plea of guilty to attempted rape in the Circuit Court of Coahoma County, and was sentenced to serve ten (10) years in the penitentiary. Subsequently, Cole was convicted of capital murder and sentenced to death. See Cole v. State, 525 So.2d 365 (Miss.1987), cert. denied 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 348 (1988), reh’g. denied 488 U.S. 1023, 109 S.Ct. 826, 102 L.Ed.2d 815 (1989). This attempted rape conviction was used as an aggravating circumstance at the sentencing phase of Cole’s capital murder trial.[1]
On April 13, 1989, Cole filed a motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code Ann. § 99-39-1 et seq. (Supp.1991) to vacate and set aside the judgment on the ground he was not represented by counsel at the time. On January 2, 1990, he amended his motion to include the additional claim that he was incompetent to enter a guilty plea. The trial court considered the pleadings and denied relief, holding in the process that Cole was barred by the three year statute of limitations found in the UPCCRA, Section 99-39-5(2).
On appeal, Cole claims the statute of limitations was tolled due to his incompetence, the time bar is unconstitutional, there are intervening decisions which except him from the time bar, and that he is entitled to an evidentiary hearing. These same claims are raised in the companion case, Cole v. State, 608 So.2d 1313 (Miss. 1992) (Cole I), and are controlled by our decision this day in Cole I.
LOWER COURT’S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PITTMAN, J., concur.
PRATHER, ROBERTSON, SULLIVAN and BANKS, JJ., dissent for the reasons stated in 90-KA-1094.

. Two other prior convictions were also introduced at Cole’s capital murder trial — a January 21, 1957 conviction for manslaughter, and a January 25, 1963 conviction for armed robbery. Cole has collaterally attacked the 1957 conviction for manslaughter, and an appeal on that matter is before this Court in the companion case of Cole v. State, 608 So.2d 1313.