IN THE COURT OF APPEALS

9/9/97

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00665 COA

JUNIOR BASS A/K/A JUNIOR LEE BASS APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ISADORE W. PATRICK, JR.

COURT FROM WHICH APPEALED: WARREN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: FRANK J. CAMPBELL

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEIRDRE MCCRORY

DISTRICT ATTORNEY: G. GILMORE MARTIN

NATURE OF THE CASE: CRIMINAL-MURDER

TRIAL COURT DISPOSITION: MURDER BY A DEPRAVED HEART: SENTENCED TO LIFE IMPRISONMENT WITHOUT ELIGIBILITY FOR PAROLE AS A HABITUAL OFFENDER

MOTION FOR REHEARING FILED: 9/23/97

MANDATE ISSUED: 2/23/98

BEFORE McMILLIN, P.J., COLEMAN, DIAZ, AND PAYNE, JJ.

DIAZ, J., FOR THE COURT:

Junior Bass was found guilty of murder and sentenced to a term of life imprisonment. He appeals arguing that the evidence presented at trial is insufficient to sustain his conviction and that the trial court improperly allowed the coroner to testify as to the cause of death and other medical issues. Finding these arguments without merit, we affirm.

## FACTS

In the early morning hours of June 8, 1994, Junior Bass arrived at the home of John Mays, an eighty-three-year-old resident of Warren County. Residing with Mr. Mays was his son, Roy, Roy's girlfriend and Bass's former girlfriend, Lyndia Williams, and Williams's and Bass's two-year-old child. Roy Mays and Williams were awakened by a pecking sound on the side of the house. Peeping out the window, Roy saw Bass on the side of the house. Roy went outside where Bass asked to be driven to Johnson Street. As Roy was driving, Bass subsequently pulled out a knife and ordered Roy to take him back to "where Lyndia and the baby were." When they arrived at John Mays's home, both Roy and Bass entered the house. The door of John's bedroom opened, and Roy saw his father standing in the doorway. As he prepared to go into his own bedroom, Roy turned around and saw Bass go back out of the house. Roy then saw his father lying on the floor where he had been fatally stabbed.

## DISCUSSION

Bass alleges two points of error. His arguments deal with whether the verdict is based on legally sufficient proof and whether the trial court properly allowed the coroner to testify as an expert witness.

*1. Sufficiency of the evidence*

In determining whether the evidence at trial is sufficient to support a guilty verdict, the supreme court has held that "[m]atters regarding the weight and credibility to be accorded the evidence are to be

resolved by the jury." *Fisher v. State*, 481 So. 2d 203, 212 (Miss. 1985). "We give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Hart v. State*, 637 So. 2d 1329, 1341 (Miss. 1994). "We may reverse only where with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Fisher*, 481 So. 2d at 212 (citations omitted).

In the case at bar, the jury heard testimony that Bass entered John Mays's home, stabbed Mays, and then left the scene. Based on this and all other evidence presented at trial, the jury was justified in concluding that Bass was guilty beyond a reasonable doubt of murdering John Mays. Since reasonable and fair-minded jurors might have reached the same conclusion, we refrain from disturbing the verdict and find that the evidence is more than sufficient to support Bass's conviction.

*2. Coroner's testimony*

Bass argues that the trial court erred in allowing the coroner to testify as to the cause of death and other medical issues in the case. When the State tendered the coroner as an expert in the field of death investigation and cause of death, the court gave Bass the opportunity to voir dire the coroner on his qualifications. Bass declined to do so; thus, the court accepted the coroner as an expert. Bass's failure to object to the court's acceptance of the coroner as an expert precludes him from doing so on appeal. "Counsel may not sit idly by making no protest as . . . evidence is admitted, and then raise the issue for the first time on appeal. If no contemporaneous objection is made, the error, if any, is waived." *Cole v. State*, 525 So. 2d 365, 369 (Miss. 1987).

Bass next contends that the trial court improperly allowed the coroner to provide testimony that only a medical doctor could provide. The coroner testified that he had seen the victim's wound at the hospital, that he determined the wound was consistent with that inflicted by a knife, that he was present at the autopsy when the wound was measured, and that he assisted in taking the measurements. Bass argues that the coroner provided conclusions which only a forensic pathologist is entitled to make. However, the supreme court has stated that "[a]ny expert can offer an opinion if the expert witness possesses knowledge of the subject which is not possessed by a layman." *Taylor v. State*, 672 So. 2d 1246, 1257 (Miss. 1996). "The test is whether a witness 'possesses peculiar knowledge or information regarding the relevant subject matter which is not likely to be possessed by a layman.'" *Goodson v. State*, 566 So. 2d 1142, 1145 (Miss. 1990) (citations omitted).

In the case at bar, the coroner had personal knowledge of the essential points of his testimony. Not only was he present at the autopsy, but he also assisted the pathologist in the examination. Furthermore, the coroner testified in person and was subject to cross-examination. Since the coroner clearly had more expertise than any member of the jury or any layperson in determining the cause of Mr. Mays's death and other relevant medical issues, the trial court properly admitted his testimony.

**THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF MURDER BY A DEPRAVED HEART AND SENTENCE OF LIFE IMPRISONMENT AS AN HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WARREN COUNTY.**


**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**