THOMAS, P.J.,
for the Court:
¶ 1. John Skinner appeals his conviction of aggravated assault, raising the following issue as error:
I. THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL BECAUSE THE PROSECUTION TOLD THE JURY DURING VOIR DIRE THAT THE DEFENDANT WAS A CONVICTED FELON.
¶ 2. Finding no error, we affirm.
*273 FACTS
¶ 3. On the evening of January 24, 1997, Priscilla Richey went to Wal-Mart accompanied by her husband, Jonathan, and their four-year-old daughter, Katie. After shopping, Jonathan, an off-duty police officer, remained in the store with Katie as Priscilla walked back to the car to unload her purchases. As she was unloading, a man, later identified as John Skinner, approached Priscilla. Skinner came up behind Priscilla and leaned on her back stating “don’t scream.” Priscilla turned around and noticed that Skinner had a knife in her side. Priscilla began screaming, and Skinner ran off.
¶ 4. Jonathan heard his wife screaming his name and that a man had just tried to kill her. As he came out of the store, Jonathan saw a man running away from his wife, and he gave pursuit. By the time Jonathan caught up with Skinner he was already in his car trying to get away. The driver’s side window was down, and Jonathan attempted to grab Skinner to subdue him. However, every time Jonathan reached into the ear Skinner slashed at him with the knife. Jonathan was able to avoid the blows and was not injured. Skinner eventually got the car started and drove away.
¶ 5. Karen Kidd and her daughter were also in the Wal-Mart parking lot that evening. Kidd heard Priscilla screaming and saw Skinner standing very close beside Priscilla. Kidd then watched as Skinner took off running with Jonathan in pursuit. Kidd saw that Skinner was carrying a knife. After waiting for the police to arrive and making sure Priscilla was all right, Kidd went into the store and left after making her purchases. Kidd then drove to the Sack and Save less than a mile from the Wal-Mart. While in the parking lot of Sack and Save, Kidd’s daughter saw Skinner’s car'. Kidd recognized the car also, and she called the police. Skinner was thereafter arrested in the parking lot.
¶ 6. In March 1997, the Grand Jury of Laud-erdale County, Mississippi returned a three-count indictment against Skinner charging him with attempted armed robbery of Priscilla, possession of a weapon by a convicted felon, and aggravated assault on Jonathan. After the jury was selected, the trial court granted Skinner’s motion to dismiss the charge of possession of a weapon by a convicted felon. The trial court ruled the indictment failed to properly charge Skinner with possession of a weapon because the indictment alleged he carried a “steak” knife instead of one of the weapons prohibited by the applicable statute. Also, an order of nolle prosequi was entered as to the charge of attempted armed robbery. The State proceeded to trial only on the aggravated assault charge.
¶ 7. Skinner was found guilty and sentenced as a habitual offender to a term of life imprisonment. From this decision, this appeal ensued.
ANALYSIS
I.
THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL BECAUSE THE PROSECUTION TOLD THE JURY DURING VOIR DIRE THAT THE DEFENDANT WAS A CONVICTED FELON.
¶ 8. During voir dire, the prosecutor stated the following:
Okay. At the end of trial, I expect the judge is going to tell you what the Mississippi law requires that we have to prove to you beyond a reasonable doubt before you can find John Wesley Skinner guilty of aggravated assault and guilty of being in possession of a weapon by a convicted felon. As to the aggravated assault count, we will have to prove beyond a reasonable doubt that what is charged in the indictment — that this crime occurred on January the 24th, 1997, that it occurred here in Lauderdale County, and that this man, John Wesley Skinner, willfully and knowingly tried to cause bodily injury to Jonathan Richey with a knife. Those are the elements of that crime — of the aggravated assault crime. The elements of the possession of a weapon crime is we have to prove to you again on January the 24th, 1997, in Lauderdale County, that John Wesley Skinner was in knowing and willful posses *274 sion of a knife that is outlined by Mississippi law to be a weapon that he is not supposed to — he’s not allowed to have because he has been convicted of prior felony crimes.
(emphasis added).
¶ 9. At the close of the State’s case, Skinner made a motion for a mistrial due to the remarks made in voir dire. At trial, Skinner argued that since the state failed to introduce any evidence to show he was a convicted felon a mistrial was in order. The motion was denied as untimely. Skinner now argues it was error to deny the motion because telling the jury that he was a convicted felon was highly inflammatory and unduly prejudiced the jury.
¶ 10. Skinner failed to contemporaneously object to the comments at trial. The failure to make a contemporaneous objection waives the right to raise the issue on appeal. Ballenger v. State, 667 So.2d 1242, 1259 (Miss.1995) (citing Chase v. State, 645 So.2d 829, 835 (Miss.1994); Cole v. State, 525 So.2d 365, 369 (Miss.1987); Irving v. State, 498 So.2d 305 (Miss.1986); Cannaday v. State, 455 So.2d 713, 718-19 (Miss.1984)). In any event, at the time of alleged improper remarks the charge of possession of a deadly weapon by a convicted felon had yet to be dismissed. The state was merely referring to the proper elements of that charge and at a time when it was proper to do so.
¶ 11. In addition, it was incumbent on the defense to object to these comments and ask for a mistrial at the soonest possible time when such comments could have been considered as improperly tainting the jury. The latest time to properly object to the comments was at the point when the charge of possession of a deadly weapon by a convicted felon was dismissed. Skinner asked for and received the dismissal of that charge immediately after the jury had been impaneled but again failed to make any objection to the alleged improper comments and only asked for a mistrial after the State closed its case. If it was Skinner’s contention that the jury was tainted and unduly prejudiced by the remarks he should have brought that to the trial court’s attention as soon as the charge of possession of a deadly weapon by a convicted felon was dismissed. We hold, as did the trial court, that a motion for mistrial at the close of the State’s case was untimely.
¶ 12. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF LIFE AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDER-DALE COUNTY.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.