# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01942-SCT

*THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM*

*v.*

*JOHN P. FREEMAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/29/2002 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARY MARGARET BOWERS |
| ATTORNEY FOR APPELLEE: | GEORGE S. LUTER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 03/18/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., COBB AND CARLSON, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This Court in *Freeman v. Pub. Employees' Ret. Sys. of Miss.*, 822 So. 2d 274 (Miss. 2002)

(*Freeman I*), concluded  that the decision of the Public Employees' Retirement System (PERS) to

terminate John P. Freeman's disability benefits was not supported by substantial evidence. *Id.* at 279.

Thus, we held:

> [T]he judgments of the circuit court and PERS are reversed, and this case is remanded to
> the circuit court with instructions to remand to PERS for reinstatement of Freeman's
> disability status and his benefits, with back pay from the date of the termination of those
> benefits. In accordance with Section 25-11-113(3) and this opinion, PERS, at its option,
> may conduct a new, fair and impartial hearing evaluating Freeman's disability after he has
> been thoroughly examined by appropriate medical personnel.

This Court's mandate to the circuit court provided: "You are commanded, that execution and further proceedings as may be appropriate be forthwith be had consistent with this judgment and the Constitution and Law of the State of Mississippi."

¶2.     Upon remand, on July 25, 2002, the circuit court ordered PERS to reinstate Freeman's disability status and benefits with back pay. However, the next day, Freeman's attorney submitted a proposed amended order that provided for the award of interest on the unpaid benefits. According to PERS, it did not "become aware" of this order until over a month after it was entered.[1] However, the record indicates that PERS had at least some knowledge of Freeman's proposed amendment to the order. PERS submitted a letter opposing the amended order on July 26, 2002, the same day Freeman's attorney sent the proposed amendment. Despite PERS' objections, the circuit court remanded the case and ordered reinstatement of Freeman's disability status and benefits with back pay. In addition, the circuit court ordered PERS to pay "legal interest at the rate of 8% to be calculated from the date of the first reinstated monthly benefit which is August 1, 1998." PERS appeals and raises the following issues:

I.     **WHETHER THE CIRCUIT COURT ERRED IN DENYING THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR RECONSIDERATION.**

II.     **WHETHER THE CIRCUIT COURT ERRED IN ENTERING ITS AMENDED REMAND ORDER SINCE IT WENT BEYOND THE SCOPE OF THIS COURT'S MANDATE AND AWARDED INTEREST WHERE NO STATUTORY AUTHORITY PERMITS THE IMPOSITION OF INTEREST IN APPEALS SUCH AS THAT BEFORE THE COURT.**

## DISCUSSION

---

[1]Freeman correctly points out that under URCCC 11.05 it is the responsibility of the circuit clerk - not the circuit court - to mail counsel of record notice when an order has been entered.

¶3.     Because the two issues PERS raises are intertwined, they will treated together herein. PERS does not specifically address Issue I in its brief, but the thrust of its argument is that the circuit court erred in denying the motion for reconsideration because the court was without power to order the payment of interest. PERS asserts that the circuit court lacked this power because there is no provision under Mississippi law that empowers a court to grant interest in a case such as this. In response, Freeman contends that the circuit court could lawfully grant interest because Freeman and PERS are, in effect, involved in a contractual relationship. Thus, pursuant to Miss. Code Ann. § 75-17-7 (Rev. 2000), the circuit court in this case could grant interest on the back pay of Freeman's disability benefits. Alternatively, Freeman asserts that the doctrine of unjust enrichment supports the circuit court's order to pay interest on the benefits.

¶4.     Under well-settled Mississippi law, the award of prejudgment interest is in the discretion of the trial court, regardless of the statute under which such interest is sought. *United States Fid. & Guar. Co. v. Conservatorship of Melson*, 809 So.2d 647, 662 (Miss. 2002). Miss. Code Ann. § 75-7-17 provides:

> All **judgments** or **decrees** on any **sale** or **contract** shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other **judgments** or **decrees** shall bear interest at the per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair, but in no event prior to the filing of the complaint.

(emphasis added). As this Court noted in *Pub. Employees' Ret. Sys. of Miss. v. Langham*, 812 So.2d 969, 974 (Miss. 2002), Section 75-7-17 "sets out the limited instances in which a claimant has a right to prejudgment interest."

3

¶5.    Before the court below, Freeman relied on *Langham* for the contention that interest was payable on his disability benefits.[2]  In *Langham*, the plaintiff's husband, a Mississippi Highway Patrol ("the Patrol") officer, was killed in the line of duty.  812 So. 2d at 971.  In 1997, Langham became aware of an amendment to Miss. Code Ann. § 25-13-13 which increased the benefits available to widows of highway patrol officers killed in the line of duty.  *Id.*  Seeking increased survivor benefits for her stepchildren (the deceased officer's children) and interest on unpaid benefits, Langham sued PERS and the Patrol in the Chancery Court of Covington County based on this change in the law.  *Id.*  The court entered a judgment in favor of Langham.  *Id.* at 970.  On appeal, the only appellant in *Langham* was the Patrol because PERS agreed to pay whatever amount the Patrol decided Langham was entitled.  *Id.*  We note also that *Langham* did not involve disability benefits, as does the case at bar.

¶6.    "The Patrol and PERS are completely separate retirement systems, each with their own administrative board."  *Id.* at 972.  PERS merely administers the Patrol's retirement system.  *Id.* at 970.  The Patrol was organized specifically to "provide a separate retirement system for the highway safety patrol."  *Id.*  Further, there is no statutory scheme for administrative appeals under the Patrol's retirement system.  *Id.*  Langham afforded the Patrol an opportunity to render a decision on the matter by meeting with the Patrol administrative board at least twice and corresponding/meeting with other people connected with the board.  *Id.*  Because the Patrol rendered no decision, Langham "properly chose to file suit in chancery court."  *Id.*  We noted that "the Patrol was 'designed to provide more liberal benefits for the

---

[2]It is unclear to what extent the circuit court relied on *Langham* in its decision to order the payment of interest since the court did not render a written opinion upon remand.  However, the court amended its order to include the payment of interest after receiving Freeman's letter in which he raised *Langham*.

highway safety patrolmen' than those set out in the statutes relating to PERS." ***Id.*** at 974 (quoting Miss.Code Ann. § 25-13-1).

¶7.   The Patrol in ***Langham*** argued that nothing authorized it to pay interest on the "late payments." Despite the Patrol's arguments against interest payments, this Court in ***Langham*** held that the award of interest was appropriate. ***Id.*** We held that although the award of interest was proper, the trial court erred in ordering six percent interest because Miss. Code Ann. § 75-17-1 mandates that the "'legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum.'" ***Id.*** at 975 (quoting Miss. Code Ann. § 75-17-7).

¶8.   Here, in its letter opposing the amended remand order, PERS argued that ***Langham*** was inapplicable to the case at bar because PERS was dismissed early in the ***Langham*** proceedings. Moreover, PERS asserted that ***Langham*** is distinguishable because it was a civil action and the controversy here is an appeal of an administrative decision. We agree.

¶9.   In addition, PERS noted that Freeman failed to raise the issue of interest in the proceedings before PERS and the court below. This Court has repeatedly held that an issue not raised before the lower court is deemed waived and is procedurally barred. ***Davis v. State***, 684 So.2d 643, 658 (Miss. 1996); ***Cole v. State***, 525 So.2d 365, 369 (Miss. 1987). We, therefore, apply the procedural bar.

¶10.   Moreover, our mandate in ***Freeman I*** falls under the law of the case doctrine. This doctrine has been described as follows:

> The doctrine of the law of the case is similar to that of former adjudication, relates entirely to questions of law, and is confined in its operation to subsequent proceedings in the case. Whatever is once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, so long as there is a similarity of facts. This principle expresses the practice of courts generally to refuse to reopen what

5

has previously been decided. It is founded on public policy and the interests of orderly and consistent judicial procedure.

*Moeller v. Am. Guarantee & Liab. Ins. Co.*, 812 So.2d 953, 960 (Miss. 2002) (quoting *Simpson v. State Farm Fire & Cas. Co.*, 564 So.2d 1374, 1376 (Miss. 1990)). According to the mandate rule, a specific application of this doctrine, a mandate issued by this Court "'is binding on the trial court on remand, unless the case comes under one of the exceptions to the law of the case doctrine.'" *Moeller*, 812 So.2d at 960 (quoting *Simpson*, 564 So.2d at 1377). These exceptions include "'material changes in evidence, pleadings or findings,'" *Moeller*, 812 So.2d at 960 (quoting *Cont'l Turpentine & Rosin Co. v. Gulf Naval Stores Co.*, 244 Miss. 465, 480, 142 So.2d 200, 207 (1962)), and "the need for the Court to 'depart from its former decision' 'after mature consideration' so that 'unjust results' will not occur." *Moeller*, 812 So.2d at 961 (quoting *Brewer v. Browning*, 115 Miss. 358, 364, 76 So. 267, 269 (1917)).

¶11.    Our mandate in this case did not address interest. Rather, we simply ordered reinstatement of Freeman's disability status and his benefits with back pay only. While it ordered reinstatement of Freeman's status and benefits, the circuit court **in addition** ordered interest on the benefits. The circuit court, therefore, exceeded the scope of our mandate. In addition, we find that no applicable exception to the law of the case doctrine in the case sub judice.

**CONCLUSION**

¶12.    Because he failed to raise the issue of interest  in the proceedings before PERS and the court below, Freeman's claim for interest is procedurally barred. Furthermore, under the mandate rule, our original mandate in this case in *Freeman I* was binding on the court below. That mandate did not address interest at all. Thus, the circuit court erred in exceeding the scope of our mandate in this case.  Therefore,

6

we reverse and render the circuit court's judgment on remand from *Freeman I* only to the extent that it awarded interest.

¶13. **REVERSED AND RENDERED.**

**PITTMAN, C.J., WALLER, P.J., COBB, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**