No. 85–7189.   WILEY *v.* MISSISSIPPI.   Sup. Ct. Miss.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner was sentenced to death by a jury whose sentencing determination was biased impermissibly in favor of death. Because I believe that, under this Court's decisions in *Godfrey* v. *Georgia,* 446 U. S. 420 (1980), and *Zant* v. *Stephens,* 462 U. S. 862 (1983), the fact that a murder was committed during the course of a robbery cannot serve *both* as an element of the capital offense and as the factual predicate for *two* statutory aggravating circumstances, I would grant certiorari in this case.

Petitioner William Wiley was convicted of a murder committed during a robbery and was sentenced to death. The Mississippi Supreme Court affirmed the jury's determination of guilt, but remanded for resentencing due to the prosecutor's improper references to appellate review. *Wiley* v. *State,* 449 So. 2d 756 (1984). At the second sentencing proceeding, petitioner once again received a sentence of death. The jury found three statutory aggravating circumstances and insufficient mitigating circumstances to outweigh the aggravating circumstances. The Mississippi Supreme Court affirmed petitioner's conviction and death sentence, with three justices concurring in the judgment. 484 So. 2d 339 (1986).

Under Mississippi law, all murder is not capital murder. The death sentence may be imposed only where the murder falls into one of seven narrowly defined classes. Miss. Code Ann. §§ 97–3–19(2)(a)–(g) (Supp. 1985). Petitioner was convicted under a section of the statute that classifies murder committed by a person engaged in a robbery as capital murder. § 97–3–19(2)(e). Once the jury found him guilty of the capital offense, it then had to find at least one aggravating circumstance, in order to impose the death penalty. See §§ 99–19–101(5)(a)–(h) (Supp. 1985) (listing aggravating circumstances). In this case, the jury found three statutory aggravating circumstances: "[t]he capital offense was committed while the defendant was engaged . . . in the commission of, or an attempt to commit, any robbery," "[t]he capital offense was committed for pecuniary gain," and "[t]he capital offense was especially heinous, atrocious or cruel." §§ 99–19–101(5)(d), (e), and (h). Two of these circumstances—that the offense was committed while petitioner was engaged in a robbery, and that it was committed for pe-

cuniary gain—would automatically be present in any killing that took place during a robbery.

"Our cases indicate . . . that statutory aggravating circumstances play a constitutionally necessary function at the stage of legislative definition: they circumscribe the class of persons eligible for the death penalty." *Zant* v. *Stephens, supra,* at 878. Aggravating circumstances provide a "'meaningful basis for distinguishing the few cases in which [death] is imposed from the many cases in which it is not,'" *Gregg* v. *Georgia,* 428 U. S. 153, 188 (1976) (opinion of Stewart, POWELL, and STEVENS, JJ.) (quoting *Furman* v. *Georgia,* 408 U. S. 238, 313 (1972) (WHITE, J., concurring)). In *Godfrey* v. *Georgia, supra,* this Court struck down an aggravating circumstance so vaguely worded that it failed to perform this narrowing function. In *Woodson* v. *North Carolina,* 428 U. S. 280 (1976), we also rejected mandatory death sentences for specified offenses as constitutionally unacceptable, stating: "'[J]ustice generally requires consideration of more than the particular acts by which the crime was committed . . . .' [W]e believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment . . . requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensible part of the process of inflicting the penalty of death." *Id.,* at 304 (plurality opinion) (quoting *Pennsylvania ex rel. Sullivan* v. *Ashe,* 302 U. S. 51, 55 (1937)).

Under Mississippi's sentencing scheme, as applied in this case, all persons convicted of robbery-murder enter the sentencing phase with *two* built-in aggravating circumstances, creating a strong presumption in favor of death. In cases where no mitigating or additional aggravating evidence is introduced, these aggravating circumstances have not narrowed the class of death-eligible persons at all. See *Roberts* v. *Louisiana,* 428 U. S. 325 (1976) (plurality opinion) (mandatory death sentences even for narrowly defined category of murders held unconstitutional). I believe that the use of aggravating factors which repeat an element of the underlying capital offense creates a substantial risk that death will be inflicted in an arbitrary and capricious manner.[1]

---

[1] A grant of certiorari would enable the Court to resolve a conflict among the Circuits on this issue.

In *Gray* v. *Lucas,* 677 F. 2d 1086, 1105 (1982), cert. denied, 461 U. S. 910 (1983), decided before *Zant* v. *Stephens,* 462 U. S. 862 (1983), the Fifth Cir-

Not only do two of the three aggravating circumstances found by the jury repeat elements of the underlying capital offense, they both rest on the same underlying facts.[2]  The Mississippi Supreme Court has not limited the aggravating circumstance of "committed for pecuniary gain" to murder for hire or any other narrow category of murders.  Accordingly, any murder committed during the course of a robbery is *ipso facto* committed for pecuniary gain. The Mississippi Supreme Court rejected petitioner's arguments against double counting these aggravating circumstances, over the objection of a concurring justice who stated: "[T]he fallacy of our rule is its failure to recognize that murders are aggravated by a defendant's conduct, not by the statutory language. . . . *A single, legally indivisible act of the defendant may rationally aggravate a murder but once.*"  484 So. 2d, at 358 (Robertson, J., concurring) (emphasis in original).

The State Supreme Court relied on the fact that the jury found, as a third aggravating factor, that the offense was "especially heinous, atrocious or cruel."[3]  *Ibid.*  Since it needed only one aggravating circumstance to impose death, the state court held that "failure of one repetitious aggravating circumstance does not invalidate the two remaining aggravating factors to reverse the death sen-

---

cuit upheld this aspect of the Mississippi sentencing scheme against an equal protection challenge.  See also *Adams* v. *Wainwright*, 709 F. 2d 1443, 1447 (CA11 1983) (rejecting similar challenge to Florida statute on the basis of *Proffitt* v. *Florida*, 428 U. S. 242 (1976)), cert. denied, 464 U. S. 1063 (1984). On the other hand, the Eighth Circuit invalidated Arkansas' use of an aggravating circumstance (committed for pecuniary gain) because it repeated an element of the underlying capital offense.  *Collins* v. *Lockhart*, 754 F. 2d 258, 263–264, cert. denied, 474 U. S. 1013 (1985).

[2] A number of state courts have invalidated double counting of aggravating circumstances.  See, *e. g., Cook* v. *State*, 369 So. 2d 1251, 1256 (Ala. 1979); *Provence* v. *State*, 337 So. 2d 783, 786 (Fla. 1976); *State* v. *Rust*, 197 Neb. 528, 537, 250 N. W. 2d 867, 873, cert. denied, 434 U. S. 912 (1977); *Glidewell* v. *State*, 663 P. 2d 738, 743 (Okla. Crim. App. 1983).

[3] Petitioner also challenges the application of this aggravating circumstance as unconstitutionally vague under *Godfrey* v. *Georgia*, 446 U. S. 420 (1980). Petitioner's crime was similar to that in *Godfrey:* the victim was shot twice from close range, without warning, and died on the scene.  484 So. 2d, at 352–354.  Although Mississippi has adopted a limiting construction of this aggravating circumstance, in light of the facts of this case, I "doubt that the trial judge's understanding and application of this aggravating circumstance conformed to that degree of certainty required by our decision in *Godfrey* . . . ."  *Eddings* v. *Oklahoma*, 455 U. S. 104, 109, n. 4 (1982).

tence." *Id.*, at 351–352. But under the Mississippi capital sentencing statute, Miss. Code Ann. § 99–19–103 (Supp. 1985), the jury was instructed to balance aggravating against mitigating circumstances. While the jury might have returned a verdict of death even if there had been only one aggravating circumstance, we cannot be sure that it would have done so in view of the mitigating factors presented;[4] the jury's verdict merely stated that "'there are insufficient mitigating factors *to outweigh* the aggravating circumstances.'" 484 So. 2d, at 342 (emphasis supplied). Under the circumstances, I believe that the sentencer's "consideration of . . . improper aggravating circumstance[s] so infects the balancing process created by" the Mississippi statute "that it is constitutionally impermissible . . . to let the sentence stand." *Barclay* v. *Florida*, 463 U. S. 939, 956 (1983) (plurality opinion).[5]

A capital sentencing scheme that repeats an element of the underlying capital offense in two aggravating circumstances cannot properly perform the narrowing function envisioned in *Godfrey* v. *Georgia*, 446 U. S. 420 (1980), and *Zant* v. *Stephens*, 462 U. S. 862 (1983). Since petitioner was sentenced under a scheme that suffered from these deficiencies, I would grant the petition for certiorari.[6]

---

[4] The jury was instructed to consider, among other factors, petitioner's lack of a prior criminal record. 484 So. 2d, at 350.

[5] In *Collins* v. *Lockhart, supra*, at 258–259, the Eighth Circuit invalidated an Arkansas death sentence after eliminating one of three aggravating circumstances found by the jury, since the jury had balanced aggravating and mitigating factors. The Court of Appeals distinguished the Arkansas sentencing statute from statutes that give the jury absolute discretion to impose death once it finds a single aggravating circumstance. But cf. *Zant* v. *Stephens, supra*, at 890.

[6] In addition, petitioner raises issues related to those that will be before the Court this Term in *California* v. *Brown*, No. 85–1563. I would at the very least delay disposition of this petition until that case is decided.