No. 86–5953.   SCOTT *v.* OHIO.   Sup. Ct. Ohio.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner was convicted and sentenced to death by a jury that heard the trial judge indicate that, on the basis of newspaper accounts he had read, he believed petitioner was involved in the crime. Because the judge's statement deprived petitioner of a fair trial, I would grant certiorari in this case.

During *voir dire,* the trial judge stated to the jury:

"Not only was Mr. Scott—at least from the newspaper reports that I think that I had read—was involved in this, there were three other . . . individuals who . . . ." 26 Ohio St. 3d 92, 95, 497 N. E. 2d 55, 59 (1986).

Defense counsel interrupted to object to this comment on petitioner's involvement in the crime. He subsequently made a motion for a mistrial, in which the prosecutor joined. The trial court denied the motion, but delivered a cautionary instruction admonishing the jury to base its verdict only on the evidence introduced at trial. The judge also told the jury, "you must not take any impression from anything I have done or said as to what your decision should be." App. to Pet. for Cert. 26–27.

The Ohio Supreme Court attempted to excuse the remark. The court insisted that "[t]he judge's comment did not concern [petitioner's] guilt or innocence, but, rather, noted the fact that the news media had reported [petitioner's] involvement with the crime." 26 Ohio St. 3d, at 96, 497 N. E. 2d, at 59. This is a ludicrous reading of the statement. How the jury could reasonably have interpreted and applied the comment determines whether it should be considered prejudicial. See, *e. g., Sandstrom* v. *Montana,* 442 U. S. 510, 516–519 (1979). In this case, the jury could reasonably take the comment at face value, namely, as a statement that, based on what he had read in the newspapers, the judge believed petitioner was a participant in the crime. Before the jury had even heard any of the evidence, the judge had effectively become a witness against petitioner. See *United States* v. *Murdock,* 290 U. S. 389, 393 (1933).

Moreover, even under the Ohio Supreme Court's dubious interpretation, the judge's comment deprived petitioner of a fair trial. The only legitimate judicial references to pretrial publicity would have been inquiries about exposure to pretrial publicity or warn-

ings against it. Instead, the judge actually reported to the jurors the media's conclusion that petitioner was guilty. That the source of this prejudicial publicity was the trial judge magnifies, rather than eliminates, the problem. The jury could reasonably assume that, since the judge had read about the crime, it was acceptable for them to do so as well.

The Ohio Supreme Court relied on the cautionary instruction given to the prospective jurors, maintaining that it "minimize[d] any prejudicial effect this comment may have had . . . ." 26 Ohio St. 3d, at 96, 497 N. E. 2d, at 59. This reliance is misplaced. Because "the influence of the trial judge on the jury is necessarily and properly of great weight, and . . . his lightest word or intimation is received with deference, and may prove controlling," *Starr* v. *United States*, 153 U. S. 614, 626 (1894), some errors are so fundamental that no instruction can undo the damage they cause. See *Quercia* v. *United States*, 289 U. S. 466, 472 (1933). A comment on petitioner's guilt is certainly such a fundamental error; it is "most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the evidence." *Ibid.* Moreover, any reference to extrajudicial evidence by the trial judge destroys the fundamental premise of any trial—that the ultimate decision rests solely upon evidence presented by the parties within the confines of the rules of evidence.

The remedy for this extraordinary error was close at hand. No witness had yet been sworn. The panel of prospective jurors might have been discharged and a new venire called without difficulty. Nonetheless, the trial judge plunged ahead and petitioner was tried by a jury exposed to comments that overwhelmed the presumption of innocence. Because we cannot tolerate such interference with petitioner's right to a fair trial in a capital case, I would grant the petition for certiorari.

In addition, petitioner's death sentence was founded on a statutory aggravating circumstance that repeats an element of the underlying capital offense. As in No. 86–5307, *Williams* v. *Ohio*, and No. 86–6015, *Bradley* v. *Alabama*, I would grant review for reasons stated in my dissent from denial of certiorari in *Wiley* v. *Mississippi*, 479 U. S. 906 (1986).