BANKS, Justice,
concurring:
¶ 95. While I agree with the majority, I write separately to reiterate that extreme caution should be taken when admitting victim impact evidence in the penalty phase of a capital murder case.
¶ 96. In Payne v. Tennessee, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), the United States Supreme Court concluded that the Eighth Amendment did not bar the admission of victim impact evidence and prose-cutorial argument of the same; however, Payne did not establish the blanket rule that all victim impact evidence is admissible, no matter its relevancy to the matter at hand.
¶ 97. The requirement that evidence be relevant to be admitted during trial — guilt or sentencing — is not novel. See Miss. R. Evid. 1*02 (“All relevant evidence is admissible ... Evidence which is not relevant is not admissible”). Rule 401 explains “relevant evidence” is that “evidence which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Miss. R. Evid. J/.01.
¶ 98. Given our decision in Wilcher, we must accept the proposition that victim impact evidence is relevant as for assisting the jury in resolving the issue before it — deciding the appropriate sentence. See Wilcher v. State, 697 So.2d 1087 (Miss.1997) (approving the use of victim impact testimony during the sentencing phase of trial). It remains our law, nevertheless, that the admission of irrelevant evidence — the purpose of which could only be to incite the jury, thereby causing the trier of fact to render a decision based upon arbitrary, impermissible factors — is precluded. See Snelson v. State, 704 So.2d 452, 454 (Miss.1997) (finding evidence that defendant bought and used cocaine after he sold stolen guns irrelevant on the issue *1054 whether the defendant killed the victim and that such evidence was clearly inflammatory and offered for the sole purpose of improperly influencing the jury).
¶ 99. In State v. Bernard, 608 So.2d 966, 970 (La.1992), the Louisiana Supreme Court specifically addressed whether evidence of the character of the victim or the impact of the crime on the victim’s family is relevant to the jury’s evaluation of the circumstances of the offense and the character and propensities of the offender, for purposes of determining the appropriate punishment. The court decided that such evidence is relevant; however, the court noted, “The more detailed the evidence relating to the character of the victim or the harm to the survivors, the less relevant [said evidence is to the ultimate issue before the jury].” Id. at 971. In other words, the more marginal the relevance of the evidence, the greater the risk that an arbitrary factor will be injected into the jury’s sentencing deliberations.
¶ 100. Thus, the Louisiana court expressly warned against the introduction of “detailed descriptions of the good qualities of the victim or particularized narrations of the emotional, psychological and economic sufferings of the victim’s survivors, which go beyond the purpose of showing the victim’s individual identity and verifying the existence of survivors reasonably expected to grieve and suffer because of the murder.” Id. at 972. In my view, that warning is appropriate and necessary to the proper administration of capital punishment.
¶ 101. Here, the testimony from the victim’s mother treaded dangerously close to crossing that impermissible line recognized by Justice O’Connor in Payne. Payne, 501 U.S. at 831, 111 S.Ct. at 2611-12 (O’Connor, J., concurring). The mother’s testimony, in some instances, approached impermissible “particularized narrations of the emotional, psychological and economic sufferings” she encountered due to her daughter’s death. Bernard, 608 So.2d at 972. For example, her decision to have the victim at a young age had no bearing whatsoever on the victim’s unique identity, nor did it verify the existence of survivors reasonably expected to grieve and suffer because of Kristy’s murder. The same can be said regarding the testimony about Kristy’s grandparent. Moreover, the comments about marriage and grandchildren cannot be categorized as providing relevant information on Kristy’s individual identity or verifying survivors because she was neither married nor a mother.
¶ 102. That said, I still am not persuaded that the victim impact evidence was so extensive as to implicate the Due Process Clause of the Fourteenth Amendment as interpreted by the Payne Court. The mother’s testimony totaled less than six pages, and it was not as extensive as the victim impact evidence allowed in Payne. I, therefore, concur with the result reached by the majority on this issue. Nevertheless, I am compelled to reiterate that victim impact testimony should be limited to specific details concerning whether the victim left dependents, parents, or siblings, and should only provide a “quick glimpse” into the victim’s life. See Wilcher, 697 So.2d at 1121 (cautioning that should be limited to whether the victim left dependents, parents, or siblings, and provide a “quick glimpse” into the victim’s life) (Banks, J., dissenting) (citing Payne, 501 U.S. at 830, 111 S.Ct. at 2611) (O’Connor, J., concurring). Otherwise, the danger of inciting the jury and causing a life or death decision to be made based upon arbitrary, irrelevant emotional factors is simply too great and offensive to the Due Process Clause.
PRATHER, C.J., joins this opinion.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Wells v. State, 698 So.2d 497(Miss.1997).
Wilcher v. State, 697 So.2d 1087(Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
*1055 Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581(Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
* Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1989).
* Pinkney v. State, 538 So.2d 329 (Miss. 1989), Pinkney v. Mississippi 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 S.2d 1007 (Miss.1982).
Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
*1056 Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).

DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE

Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT

Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Taylor v. State, 672 So.2d 1246 (Miss.1996).
* Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
* Pinkney v. State, 538 So.2d 329 (Miss. 1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
* Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
*1057 Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1987); sentence aff'd. 684 So.2d 1179 (Miss.1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).

DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY

Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss. 1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi 479 U.S. 906, 107 S.Ct. 304, 93 L.Ed.2d 278 (1986); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of habeas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir.1992); resentencing affirmed, Wiley v. State, 95-DP-00149, February 13, 1997 (rehearing pending).
Williams v. State, 445 So.2d 798 (Miss.1984).

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.