EASLEY, Justice,
Specially Concurring:
¶ 83. I concur in the majority opinion. However, I write separately to explain further why a mistrial was not required by the possibility that a juror may have briefly seen Spicer in shackles as he was transported into the courthouse for trial.
¶ 84. In Deck, the United States Supreme Court held that “[t]he considerations that militate against the routine use of visible shackles during the guilt phase of a criminal trial apply with like force to penalty proceedings in capital cases.” Deck v. Missouri, 544 U.S. 622, -, 125 S.Ct. 2007, 2013, 161 L.Ed.2d 953 (2005).[28] Spicer was on trial for the brutal capital murder of Hebert by hacking the victim to death with a sword and stealing his vehicle. Spicer also had a violent history with prior convictions for armed robbery, kid-naping, and attempted murder.
¶ 85. In Deck, the defendant was shackled in the presence of the jury during the sentencing phase of the trial. The Due Process Clause prohibits the routine use of physical restraints during the guilt phase of a trial. Deck, 544 U.S. at -, 125 S.Ct. at 2010. The issue in Deck was whether the routine use of physical restraints was also prohibited during the sentencing or penalty phase of a capital case. Id. at -, 125 S.Ct. at 2012.
*328 ¶ 86. The Court in Deck found that the record was “clear that the jury was aware of the shackles.” Id. at -, 125 S.Ct. at 2015. That is not the situation in the case at bar. The record does not even provide that anyone that served on the jury ever saw Spicer in any physical restraints. Further, here, the trial court conducted an on-the-record determination whether Spi-cer was prejudiced. Spicer was merely transported by a female deputy sheriff through the courtroom into a holding room before court.[29] Spicer was not shackled during the sentencing phase. The deputy sheriff testified that there were people in the courtroom, but she could not say that any members of' the venire panel or any jurors were in the courtroom at the time. According to the deputy, Spicer was only in the courtroom for a matter of seconds. This all occurred before the venire had been empaneled, a jury selected or court began. The trial court determined that Spicer had not been prejudiced.
¶ 87. In Deck, the Court concluded “that courts cannot routinely place defendants in shackles or other physical restraints visible to the jury during the penalty phase of a capital proceeding.” Id. at -, 125 S.Ct. at 2014 (emphasis added). The Court went on to state that “[t]he constitutional requirement, however, is not absolute.” Id. at -, 125 S.Ct. at 2014-15. The trial court is permitted to exercise its discretion to allow use of physical restraints and to account for the special circumstances involved. Id. at -, 125 S.Ct. at 2015.
¶ 88. Here, we are not dealing with restraints worn during the sentencing phase or the guilt phase. The situation in this case involves the inadvertent use of restraints by a deputy sheriff to transport Spicer to court. The Court addressed a similar situation in Lockett v. State, 517 So.2d 1317 (Miss.1987), relying on Rush v. State, 301 So.2d 297, 300 (Miss.1974). The Court stated:
This Court has ruled on this very issue in one case, see Rush v. State, 301 So.2d 297, 300 (Miss.1974), and discussed this issue without deciding it in another, see Hickson v. State, 472 So.2d 379, 383 (Miss.1985). Regardless of whose version is correct in the instant ease, it is apparent under Rush that this incident did not deprive Lockett of his right to a fair trial. In Rush, the deputy sheriff brought the defendant into the courtroom in handcuffs in the presence of members of the special venire whereupon the handcuffs were immediately removed at the request of defendant’s counsel. Rush, 301 So.2d at 300. Recognizing the common-law right of a person being tried for the commission of a crime to be free from all manner of shackles or bonds, this Court held:

However, the failure, through an oversight, to remove handcuffs from a prisoner for a short time or any technical violation of the rule prohibiting shackling, not prejudicial to him, is not ground for reversal.

Rush, 301 So.2d at 300.
*329 Here, at worst the defendant was ten feet in the courtroom for a few minutes. There is no evidence indicating that this incident occurred intentionally. Indeed, as in Rush, when the handcuffs were noticed, they were immediately removed. Accordingly, under the rationale in Rush, it does not appear that this incident deprived Lockett of his right to a fair trial.
Lockett, 517 So.2d at 1329-80. See also Lockett v. Anderson, 230 F.3d 695 (5th Cir.2000) (granting federal habeas corpus relief on other grounds).
¶ 89. The record does not establish that any juror actually saw Spicer in shackles for the brief moment that he was transported by the deputy sheriff to the holding room. Our precedents support affirmance of the trial court’s denial of Spicer’s motion for a mistrial.
SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., JOIN THIS OPINION.

APPENDIX

DEATH CASES AFFIRMED BY THIS COURT

Hodges v. State, 912 So.2d 730 (Miss.2005).
Walker v. State, 913 So.2d 198 (Miss.2005).
Le v. State, 913 So.2d 913 (Miss.2005).
Brown v. State, 890 So.2d 901 (Miss.2004).
Powers v. State 883 So.2d 20 (Miss.2003)
Branch v. State, 882 So.2d 36 (Miss.2004).
Scott v. State, 878 So.2d 933 (Miss.2004).
Lynch v. State, 877 So.2d 1254 (Miss.2004).
Dycus v. State, 875 So.2d 140 (Miss.2004).
Byrom v. State, 863 So.2d 836 (Miss.2003).
Howell v. State, 860 So.2d 704 (Miss.2003).
Howard v. State, 853 So.2d 781 (Miss.2003).
Walker v. State, 815 So.2d 1209 (Miss.2002). *following remand.
Bishop v. State, 812 So.2d 934 (Miss.2002).
Stevens v. State, 806 So.2d 1031 (Miss.2001).
Grayson v. State, 806 So.2d 241 (Miss.2001).
Knox v. State, 805 So.2d 527 (Miss.2002).
Simmons v. State, 805 So.2d 452 (Miss.2001).
Berry v. State, 802 So.2d 1033 (Miss.2001).
Snow v. State, 800 So.2d 472 (Miss.2001).
Mitchell v. State, 792 So.2d 192 (Miss.2001).
Puckett v. State, 788 So.2d 752 (Miss.2001). * following remand.
Goodin v. State, 787 So.2d 639 (Miss.2001).
Jordan v. State, 786 So.2d 987 (Miss.2001).
Manning v. State, 765 So.2d 516 (Miss.2000). *foIlowing remand.
Eskridge v. State, 765 So.2d 508 (Miss.2000).
McGilberry v. State, 741 So.2d 894 (Miss.1999).
Puckett v. State, 737 So.2d 322 (Miss.1999). *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss.1999). *remanded for Batson hearing.
*330 Hughes v. State, 735 So.2d 238 (Miss.1999).
Turner v. State, 732 So.2d 937 (Miss.1999).
Smith v. State, 729 So.2d 1191 (Miss.1998).
Burns v. State, 729 So.2d 203 (Miss.1998).
Jordan v. State, 728 So.2d 1088 (Miss.1998).
Gray v. State, 728 So.2d 36 (Miss.1998).
Manning v. State, 726 So.2d 1152 (Miss.1998).
Woodward v. State, 726 So.2d 524 (Miss.1997).
Bell v. State, 725 So.2d 836 (Miss.1998).
Evans v. State, 725 So.2d 613 (Miss.1997).
Brewer v. State, 725 So.2d 106 (Miss.1998).
Crawford v. State, 716 So.2d 1028 (Miss.1998).
Doss v. State, 709 So.2d 369 (Miss.1996).
Underwood v. State, 708 So.2d 18 (Miss.1998).
Holland v. State, 705 So.2d 307 (Miss.1997).
Wells v. State, 698 So.2d 497 (Miss.1997).
Wilcher v. State, 697 So.2d 1087 (Miss.1997).
Wiley v. State, 691 So.2d 959 (Miss.1997).
Brown v. State, 690 So.2d 276 (Miss.1996).
Simon v. State, 688 So.2d 791 (Miss.1997).
Jackson v. State, 684 So.2d 1213 (Miss.1996).
Williams v. State, 684 So.2d 1179 (Miss.1996).
Davis v. State, 684 So.2d 643 (Miss.1996).
Taylor v. State, 682 So.2d 359 (Miss.1996).
Brown v. State, 682 So.2d 340 (Miss.1996).
Blue v. State, 674 So.2d 1184 (Miss.1996).
Holly v. State, 671 So.2d 32 (Miss.1996).
Walker v. State, 671 So.2d 581(Miss.1995).
Russell v. State, 670 So.2d 816 (Miss.1995).
Ballenger v. State, 667 So.2d 1242 (Miss.1995).
Davis v. State, 660 So.2d 1228 (Miss.1995).
Carr v. State, 655 So.2d 824 (Miss.1995).
Mack v. State, 650 So.2d 1289 (Miss.1994).
Chase v. State, 645 So.2d 829 (Miss.1994).
Foster v. State, 639 So.2d 1263 (Miss.1994).
Conner v. State, 632 So.2d 1239 (Miss.1993).
Hansen v. State, 592 So.2d 114 (Miss.1991).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State, 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
*331 Davis v. State, 551 So.2d 165 (Miss.1989).
Minnick v. State, 551 So.2d 77 (Miss.1988).
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss.1988).
Nixon v. State, 533 So.2d 1078 (Miss.1987).
Cole v. State, 525 So.2d 365 (Miss.1987).
Lockett v. State, 517 So.2d 1346 (Miss.1987).
Lockett v. State, 517 So.2d 1317 (Miss.1987).
Faraga v. State, 514 So.2d 295 (Miss.1987).
*Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss.1986).
Johnson v. State, 477 So.2d 196 (Miss.1985).
Gray v. State, 472 So.2d 409 (Miss.1985).
Cabello v. State, 471 So.2d 332 (Miss.1985).
Jordan v. State, 464 So.2d 475 (Miss.1985).
Wilcher v. State, 455 So.2d 727 (Miss.1984).
Billiot v. State, 454 So.2d 445 (Miss.1984).
Stringer v. State, 454 So.2d 468 (Miss.1984).
Dufour v. State, 453 So.2d 337 (Miss.1984).
Neal v. State, 451 So.2d 743 (Miss.1984).
Booker v. State, 449 So.2d 209 (Miss.1984).
Wilcher v. State, 448 So.2d 927 (Miss.1984).
Caldwell v. State, 443 So.2d 806 (Miss.1983).
Irving v. State, 441 So.2d 846 (Miss.1983).
Tokman v. State, 435 So.2d 664 (Miss.1983).
Leatherwood v. State, 435 So.2d 645 (Miss.1983).
Hill v. State, 432 So.2d 427 (Miss.1983).
Pruett v. State, 431 So.2d 1101 (Miss.1983).
Gilliard v. State, 428 So.2d 576 (Miss.1983).
Evans v. State, 422 So.2d 737 (Miss.1982).
King v. State, 421 So.2d 1009 (Miss.1982).
Wheat v. State, 420 So.2d 229 (Miss.1982).
Smith v. State, 419 So.2d 563 (Miss.1982).
Johnson v. State, 416 So.2d 383 (Miss.1982).
Edwards v. State, 413 So.2d 1007 (Miss.1982).
*332 Bullock v. State, 391 So.2d 601 (Miss.1980).
Reddix v. State, 381 So.2d 999 (Miss.1980).
Jones v. State, 381 So.2d 983 (Miss.1980).
Culberson v. State, 379 So.2d 499 (Miss.1979).
Gray v. State, 375 So.2d 994 (Miss.1979).
Jordan v. State, 365 So.2d 1198 (Miss.1978).
Voyles v. State, 362 So.2d 1236 (Miss.1978).
Irving v. State, 361 So.2d 1360 (Miss.1978).
Washington v. State, 361 So.2d 61 (Miss.1978).
Bell v. State, 360 So.2d 1206 (Miss.1978).
DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCE PHASE
Flowers v. State, 842 So.2d 531 (Miss.2003).
Randall v. State, 806 So.2d 185 (Miss.2001).
Flowers v. State, 773 So.2d 309 (Miss.2000).
Edwards v. State, 737 So.2d 275 (Miss.1999).
Smith v. State, 733 So.2d 793 (Miss.1999).
Porter v. State, 732 So.2d 899 (Miss.1999).
Kolberg v. State, 704 So.2d 1307 (Miss.1997).
Snelson v. State, 704 So.2d 452 (Miss.1997).
Fuselier v. State, 702 So.2d 388 (Miss.1997).
Howard v. State, 701 So.2d 274 (Miss.1997).
Lester v. State, 692 So.2d 755 (Miss.1997).
Hunter v. State, 684 So.2d 625 (Miss.1996).
Lanier v. State, 684 So.2d 93 (Miss.1996).
Giles v. State, 650 So.2d 846 (Miss.1995).
Duplantis v. State, 644 So.2d 1235 (Miss.1994).
Harrison v. State, 635 So.2d 894 (Miss.1994).
Butler v. State, 608 So.2d 314 (Miss.1992).
Jenkins v. State, 607 So.2d 1171 (Miss.1992).
Abram v. State, 606 So.2d 1015 (Miss.1992).
Balfour v. State, 598 So.2d 731 (Miss.1992).
Griffin v. State, 557 So.2d 542 (Miss.1990).
Bevill v. State, 556 So.2d 699 (Miss.1990).
West v. State, 553 So.2d 8 (Miss.1989).
Leatherwood v. State, 548 So.2d 389 (Miss.1989).
Mease v. State, 539 So.2d 1324 (Miss.1989).
Houston v. State, 531 So.2d 598 (Miss.1988).
West v. State, 519 So.2d 418 (Miss.1988).
Davis v. State, 512 So.2d 1291 (Miss.1987).
Williamson v. State, 512 So.2d 868 (Miss.1987).
Foster v. State, 508 So.2d 1111 (Miss.1987).
*333 Smith v. State, 499 So.2d 750 (Miss.1986).
West v. State, 485 So.2d 681 (Miss.1985).
Fisher v. State, 481 So.2d 203 (Miss.1985).
Johnson v. State, 476 So.2d 1195 (Miss.1985).
Fuselier v. State, 468 So.2d 45 (Miss.1985).
West v. State, 463 So.2d 1048 (Miss.1985).
Jones v. State, 461 So.2d 686 (Miss.1984).
Moffett v. State, 456 So.2d 714 (Miss.1984).
Lanier v. State, 450 So.2d 69 (Miss.1984).
Laney v. State, 421 So.2d 1216 (Miss.1982).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT
Reddix v. State, 547 So.2d 792 (Miss.1989).
Wheeler v. State, 536 So.2d 1341 (Miss.1988).
White v. State, 532 So.2d 1207 (Miss.1988).
Bullock v. State, 525 So.2d 764 (Miss.1987).
Edwards v. State, 441 So.2d 84 (Miss.1983).
Dycus v. State, 440 So.2d 246 (Miss.1983).
Coleman v. State, 378 So.2d 640 (Miss.1979).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY
King v. State, 784 So.2d 884 (Miss.2001).
Walker v. State, 740 So.2d 873 (Miss.1999).
Watts v. State, 733 So.2d 214 (Miss.1999).
West v. State, 725 So.2d 872 (Miss.1998).
Smith v. State, 724 So.2d 280 (Miss.1998).
Berry v. State, 703 So.2d 269 (Miss.1997).
Booker v. State, 699 So.2d 132 (Miss.1997).
Taylor v. State, 672 So.2d 1246 (Miss.1996).
*Shell v. State, 554 So.2d 887 (Miss.1989), Shell v. Mississippi 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding, Shell v. State 595 So.2d 1323 (Miss.1992) remanding for new sentencing hearing.
*Pinkney v. State, 538 So.2d 329 (Miss.1989), Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding, Pinkney v. State, 602 So.2d 1177 (Miss.1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss.1988), Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding, Clemons v. State, 593 So.2d 1004 (Miss.1992) remanding for new sentencing hearing.
* Jones v. State, 517 So.2d 1295 (Miss.1987), Jones v. Mississippi 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding, Jones v. State, 602 So.2d 1170 (Miss.1992) remanding for new sentencing hearing.
*334 Russell v. State, 607 So.2d 1107 (Miss.1992).
Holland v. State, 587 So.2d 848 (Miss.1991).
Willie v. State, 585 So.2d 660 (Miss.1991).
Ladner v. State, 584 So.2d 743 (Miss.1991).
Mackbee v. State, 575 So.2d 16 (Miss.1990).
Berry v. State, 575 So.2d 1 (Miss.1990).
Turner v. State, 573 So.2d 657 (Miss.1990).
State v. Tokman, 564 So.2d 1339 (Miss.1990).
Johnson v. State, 547 So.2d 59 (Miss.1989).
Williams v. State, 544 So.2d 782 (Miss.1987); sentence aff'd 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss.1988).
Stringer v. State, 500 So.2d 928 (Miss.1986).
Pinkton v. State, 481 So.2d 306 (Miss.1985).
Mhoon v. State, 464 So.2d 77 (Miss.1985).
Cannaday v. State, 455 So.2d 713 (Miss.1984).
Wiley v. State, 449 So.2d 756 (Miss.1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss.1986), cert. denied Wiley v. Mississippi, 479 U.S. 906, 107 S.Ct. 304 (1986); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss.1993) following writ of habeas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir.1992); resen-tencing affirmed, Wiley v. State, 691 So.2d 959 (Miss.1997) (rehearing pending).
Williams v. State, 445 So.2d 798 (Miss.1984).

. Justice Thomas, joined by Justice Scalia, wrote in a dissenting opinion that the majority's decision "needlessly extends the rule from trials to sentencing” and "ignores the serious security issues facing our courts.” Id. at 2015.

. Miss.Code Ann. § 19-25-69 provides in part: "The sheriff shall have charge of the courthouse and jail of his county, of the premises belonging thereto, and of the prisoners in said jail.”
Miss.Code Ann. § 19-25-35 provides:
The sheriff shall be the executive officer of the circuit and chancery court of his county, and he shall attend all the sessions thereof with a sufficient number of deputies or bailiffs. He shall execute all orders and decrees of said courts directed to him to be executed. He shall take into his custody, and safely keep, in the jail of his county, all persons committed by order of either of said courts, or by any process issuing therefrom, or lawfully required to be held for appearance before either of them.

 Case was originally affirmed in this Court but on remand from U.S. Supreme Court, case was remanded by this Court for a new sentencing hearing.